Electronically FILED by Superior Court of California, County of Los Angeles on 01/13/2021 03:60 PM Sherri R. Carter, Executive Officer/Clerk of Court, by C. Monroe,Deputy Clerk
21STCV01490

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Fernando Aenlle-Rocha

1  Law Offices of Angel J. Horacek, PC
   Angel J. Horacek (SBN 245680)
2  angel@horaceklaw.com
   5701 West Slauson Avenue, Suite 210
3  Culver City, CA 90230
   310-774-0323
4  310-774-3945 fax

5  Attorney for Plaintiff Kim Qualls

6

7

8              **SUPERIOR COURT OF CALIFORNIA**

9  **COUNTY OF LOS ANGELES – CENTRAL DISTRICT, UNLIMITED JURISDICTION**

10

11  KIM QUALLS, an individual,              Case No.: 21STCV01490

12             Plaintiff,                   **COMPLAINT FOR DAMAGES**

13         v.                               1.  Racial Discrimination and Harassment in
                                                Violation of Title VII
14  COLOPLAST CORP., a corporation, and     2.  Retaliation in Violation of Title VII
    DOES 1 to 20, inclusive,                3.  Retaliation in Violation of California Labor
15                                              Code §1102.5
16             Defendants.                  4.  Violation of California Equal Pay Act
                                            5.  Wrongful Discharge in Violation of Public
17                                              Policy
                                            6.  Unfair Business Practices
18

19                                          **DEMAND FOR JURY TRIAL**

20

21       Now comes Plaintiff Kim Qualls and alleges:

22                          **NATURE OF ACTION**

23       1.      Plaintiff Kim Qualls (hereinafter "Plaintiff" or "Qualls") brings this action

24  against Defendants Coloplast Corp. (hereinafter "Coloplast"), and DOES 1 to 20, inclusive,

25  seeking, among other things, statutory and compensatory damages arising out of Defendants'

26  violation of the Title VII, codified at 42 USC 2000e, *et al.*, Defendants' violation of the

27  California Labor Code, wrongful termination in violation of public policy, unfair business

28  practices, and related damages.

---

1

COMPLAINT FOR DAMAGES

2.   During Plaintiff's employ with Coloplast, Plaintiff was subject to a pattern of racial harassment and discrimination from the date of orientation through her employment by her direct manager, and Coloplast did nothing to prevent or correct the harassment or discrimination.

3.   On or about January 25, 2019, Plaintiff was terminated from employment in violation of public policy and following her report of suspected legal violations to Defendant Coloplast, and its resulting inaction.

## THE PARTIES

4.   At all times herein mentioned Plaintiff Kim Qualls, an individual, (hereafter "Plaintiff") was a resident of the County of Los Angeles, and a citizen of the State of California.

5.   Plaintiff is informed and believes that at all times herein mentioned Defendant Coloplast, was a corporation headquartered in Minnesota and doing business in the state of California.

6.   The operative facts set forth below giving rise to these causes of action occurred in the County of Los Angeles.

7.   Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does 1 to 20, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

8.   Plaintiff is informed and believes, and thereon alleges, that, at all times herein mentioned, each of the defendants sued herein was the agent and employee of each of the remaining defendants and was at all times acting within the purpose and scope of such agency and employment.

## JURISDICTION AND VENUE

9.   Pursuant to Article VI, §10 of the California Constitution, subject matter jurisdiction is proper in the Superior Court of California, County of Los Angeles, State of California.

///

10.     Pursuant to §§395 and 395.5 of the California Code of Civil Procedure, venue is proper in the Superior Court of California for the County of Los Angeles, State of California, because this is where Plaintiff was employed, it is where the wrongful misconduct alleged occurred, and it is where Defendants do business.

## **FACTUAL ALLEGATIONS**

11.     Coloplast is a Danish multinational company that develops, manufactures and markets medical devices and services related to ostomy, urology, continence, and wound care. Coloplast's North American operations are based in Minneapolis, Minnesota.

12.     Kim Qualls ("Plaintiff") began working at Coloplast in December 2016. She was hired as a Territory Manager, which is a sales representative position. During her time at Coloplast, she was supervised by Rita Gayman, manager. Once Plaintiff started at Coloplast, she heard other Coloplast personnel refer to Gayman as "unenlightened" and "racist," and they warned Plaintiff about Gayman.

13.     As a part of her duties at Coloplast, Plaintiff attended national meetings. Other sales representatives told her that she was the first Black Coloplast sales representative. Another sales representative, Susan Ross, told Plaintiff that she did not realize that slavery was so bad, and apologized to her for slavery, which was a complete *non sequitur*. Both of these instances were alarming to Plaintiff, because the comments were completely unsolicited.

14.     Although Plaintiff did not feel that due to being a Black sales representative, she would necessarily experience discrimination, Plaintiff became concerned that she was, in fact, being treated differently by her peers because coworkers felt that they could say these things to her apropos of nothing, and that because she was the only Black sales representative present, these comments were targeted at her and only her.

15.     Plaintiff was an experienced salesperson and knew that she had the skills to perform well at Coloplast. Plaintiff tried to just keep her focus on performing her job, but Gayman constantly picked on Plaintiff and treated her differently than other people on her team.

///

COMPLAINT FOR DAMAGES

16.     Gayman was based in Las Vegas but oversaw Southern California as part of her sales territory. The sales territories were divided by zip codes and distributed to sales representatives.

17.     When Gayman visited Los Angeles, Gayman expected Plaintiff to chauffer her around Southern California on days that Plaintiff was not scheduled to work with Gayman. This interfered with Plaintiff ability to be productive in her job, as Plaintiff needed to focus on sales in her own territories rather than driving Gayman around.

18.     Plaintiff brought this to Gayman's attention, and suggested that she find an alternative transportation option, such as taking Uber. Gayman laughed at Plaintiff, and said she didn't want to take Uber, indicating that she preferred to have Plaintiff continue to act as Gayman's personal chauffer.

19.     Gayman told Plaintiff that she was "offended" at the suggestion that she take Uber, and that Plaintiff was being "disobedient" by resisting being her chauffer. However, other sales representatives were not expected to chauffer Gayman, and in fact, did not chauffer Gayman around Southern California.

20.     Plaintiff found that Gayman appeared to treat her differently because she was Black. Gayman would repeatedly talk to Plaintiff while discussing sales and state, "You people don't get it," "you people don't seem to comprehend," and "you people aren't doing it right." Plaintiff was the only other person present when Gayman would say this, so she understood the term "you people" as not referring to the existence of other Coloplast sales representative, but something different. Plaintiff asked other representatives if Gayman said this to them, and they denied that she had.

21.     Gayman harassed two other non-white representatives that were based in San Diego and ultimately terminated their employment.

22.     Gayman's direct report Keith Williams constantly confused Plaintiff and another Black Coloplast employee in Atlanta.

23.     In 2018, Gayman denied Plaintiff's annual raise. The reason that Gayman told Plaintiff that she denied the raise was not related to performance, revenue generation, or some

COMPLAINT FOR DAMAGES

other sales metric, but because Plaintiff sent an internal email to customer service that contained yellow highlighting.

24.     Gayman had never counseled Plaintiff that was inappropriate. In fact, Gayman herself consistently used yellow and red highlights in her emails to the team and customer service on a regular basis. Plaintiff has received emails from other persons in Coloplast which have highlighting, including from Gayman herself.

25.     Plaintiff complained to Gayman that the failure to provide the annual raise in 2018 was unfair, and that to deny the raise based on highlighting in emails was unfair.

26.     Thereafter, Gayman changed Plaintiff's sales territory by removing certain zip codes, and giving them to a white man, such that Plaintiff was no longer at her sales goal and would fail to make quota.

27.     Plaintiff asked Gayman to replace the zip codes that she removed, but Gayman never replaced those zip codes. Additionally, Gayman further adjusted Plaintiff's sales quota which decreased Plaintiff's numbers even further.

28.     Normally, Coloplast would place an underperforming sales representative on a performance plan. However, Gayman did not put Plaintiff on a performance improvement plan.

29.     Gayman also reprimanded Plaintiff for using her company credit card for personal expenses, but the company handbook allows this as long as the employee reimburses the personal expenses and repays the company. When Plaintiff raised this issue with Gayman, Gayman stated that Plaintiff needed to "obey" her, no matter what the policy said.

30.     As late as January 2019, Gayman rated Plaintiff with an overall score of 2.58 of four, with no indication of imminent termination.

31.     Abruptly, Gayman terminated Plaintiff, purportedly due to her sales numbers, and because of the "disrespect" shown in highlighted emails. But Gayman created the condition for Plaintiff's sales numbers to be artificially low because Gayman removed zip codes from Plaintiff's territory, failed to provide Plaintiff's replacement zip codes in which to make up the difference, and changed Plaintiff's sales quota.

///

32.     Other non-Black employees had lower sales numbers that Plaintiff but were not terminated.

33.     Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") on August 30, 2019. The EEOC issued a Notice of Right to Sue on October 28, 2020. Plaintiff has therefore exhausted her administrative remedies. A true and correct copy of this Notice of Right to Sue is attached hereto as Exhibit "A."

FIRST CAUSE OF ACTION

RACIAL DISCRIMINATION AND HARASSMENT IN VIOLATION OF TITLE VII

[42 U.S.C. §2000E-2(a)(1)]

(Against All Defendants)

34.     Plaintiff incorporates the previous paragraphs as if recited fully herein.

35.     Defendants are employers.

36.     Plaintiff was an employee of Defendants.

37.     Plaintiff is a Black woman.

38.     At all times during her employment, Plaintiff performed her role competently and adequately, achieving a rating over 2.58 of four in January 2019.

39.     Defendants took adverse employment actions against Plaintiff, including, but not limited to, repeatedly talking to her about slavery, reducing Plaintiff's sales territory, and giving it to a white man, forcing Plaintiff to chauffer her manager around the sales area, failing to not give her an earned raise, and ultimately deciding to end Plaintiff's employment, despite the fact that other non-Black salespersons at Coloplast had worse sales numbers.

40.     The fact that Plaintiff is a Black woman was a motivating reason for the adverse employment actions of Defendants against Plaintiff.

41.     Plaintiff was harmed.

42.     Plaintiff was harmed by the actions of Defendants.

43.     The conduct of Defendants was a substantial factor in causing Plaintiff's harm.

///

///

6

COMPLAINT FOR DAMAGES

44.    As a direct and proximate result of the willful, knowing, and intentional actions of Defendants against her, Plaintiff has suffered and will continue to suffer economic and non-economic damages in amounts to be proven at trial.

45.    As a direct and proximate result of the willful, knowing, and intentional actions of Defendants against her, Plaintiff has suffered a loss of earnings and other employment benefits and job opportunities, with such damages in amounts to be proven at trial.

46.    Plaintiff is informed and believes and based thereon alleges that the conduct of Defendants described above was done with malice, fraud, and oppression and with conscious disregard for her rights and with the intent, design and purpose of injuring her. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from Defendants in a sum according to proof at trial.

## SECOND CAUSE OF ACTION

## RETALIATION IN VIOLATION OF TITLE VII [42 U.S.C. §2000E-3(a)]

(Against All Defendants)

47.    Plaintiff incorporates the previous paragraphs as if recited fully herein.

48.    Defendants are employers.

49.    Plaintiff was an employee of Defendants.

50.    Plaintiff is a Black woman.

51.    At all times during her employment, Plaintiff performed her role competently and adequately, achieving a rating over 2.58 of four in January 2019.

52.    Defendants took adverse employment actions against Plaintiff, including, but not limited to, repeatedly talking to her about slavery, forcing Plaintiff to chauffer her manager around the sales area, failing to not give her an earned raise, despite the fact that other non-Black salespersons at Coloplast had worse sales numbers.

53.    Plaintiff complained to her manager about these adverse employment actions as discriminatory and harassing.

///

///

COMPLAINT FOR DAMAGES

54. Defendants took further adverse employment actions against Plaintiff, including, but not limited to, reducing Plaintiff's sales territory, and giving it to a white man, failing to not give her an earned raise, and ultimately deciding to end Plaintiff's employment.

55. The fact that Plaintiff reported and complained about discriminating and harassing treatment was a motivating reason for the adverse employment actions of Defendants against Plaintiff.

56. Plaintiff was harmed by the actions of Defendants.

57. The conduct of Defendants was a substantial factor in causing Plaintiff's harm.

58. As a direct and proximate result of the willful, knowing, and intentional actions by Defendants against her, Plaintiff has suffered and will continue to suffer economic and non-economic damages in amounts to be proven at trial.

59. As a direct and proximate result of the willful, knowing, and intentional actions of Defendants against her, Plaintiff has suffered a loss of earnings and other employment benefits and job opportunities, with such damages in amounts to be proven at trial.

60. Plaintiff is informed and believes and based thereon alleges that the conduct of Defendants described above was done with malice, fraud, and oppression and with conscious disregard for her rights and with the intent, design and purpose of injuring her. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from Defendants in a sum according to proof at trial.

<u>THIRD CAUSE OF ACTION</u>

<u>RETALIATION IN VIOLATION OF CAL. LABOR CODE §1102.5</u>

(Against All Defendants)

61. Plaintiff incorporates the previous paragraphs as if recited fully herein.

62. At all times herein mentioned, California Labor Code, §1102.5, was in full force and effect and was binding on the Defendants, and each of them.

63. Plaintiff was an employee of Defendants.

64. Plaintiff is a Black woman.

///

COMPLAINT FOR DAMAGES

65. Defendants took adverse employment actions against Plaintiff, including, but not limited to, repeatedly talking to her about slavery, forcing Plaintiff to chauffer her manager around the sales area, failing to not give her an earned raise, despite the fact that other non-Black salespersons at Coloplast had worse sales numbers.

66. Plaintiff complained to her manager about these adverse employment actions as discriminatory and harassing.

67. Racially discriminatory and harassing conduct is unlawful.

68. Defendant had the power to investigate any unlawful or illegal conduct.

69. Defendants took further adverse employment actions against Plaintiff, including, but not limited to, reducing Plaintiff's sales territory, and giving it to a white man, failing to not give her an earned raise, and ultimately deciding to end Plaintiff's employment.

70. Plaintiff's report and complaint about unlawful and illegal discriminating and harassing treatment was a motivating reason for the adverse employment actions of Defendants against Plaintiff.

71. Plaintiff was harmed by the actions of Defendants.

72. The conduct of Defendants was a substantial factor in causing Plaintiff's harm.

73. As a direct and proximate result of the willful, knowing, and intentional actions by Defendants against her, Plaintiff has suffered and will continue to suffer economic and non-economic damages in amounts to be proven at trial.

74. As a direct and proximate result of the willful, knowing, and intentional actions of Defendants against her, Plaintiff has suffered a loss of earnings and other employment benefits and job opportunities, with such damages in amounts to be proven at trial.

75. Plaintiff is informed and believes and based thereon alleges that the conduct of Defendants described above was done with malice, fraud, and oppression and with conscious disregard for her rights and with the intent, design and purpose of injuring her. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from Defendants in a sum according to proof at trial.

///

COMPLAINT FOR DAMAGES

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE CALIFORNIA EQUAL PAY ACT [Cal. Lab. Code §1197.5]

### (Against All Defendants)

76.    Plaintiff incorporates the previous paragraphs as if recited fully herein.

77.    Plaintiff was an employee.

78.    Defendants were employers.

79.    Plaintiff is a Black woman.

80.    Defendants employed other salespersons, including non-Black women and men.

81.    Defendant compensated the non-Black women and men at higher rates than Plaintiff.

82.    Plaintiff performed or could have performed substantially similar work to the non-Black women and men Defendant hired.

83.    Plaintiff seeks all remedies afforded under Cal. Lab. Code §1197.5.

## FIFTH CAUSE OF ACTION

## WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY

### (Against All Defendants)

84.    Plaintiff incorporates the previous paragraphs as if recited fully herein.

85.    It is the public policy of this state that it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgment on account of race.

86.    A public policy basis for a wrongful discharge action has been recognized where an employee is discharged after complaining about working conditions or practices which the employee reasonably believes to be unlawful or illegal.

87.    Plaintiff was employed by Defendants.

88.    Plaintiff complained of unlawful racial discrimination, and Defendants terminated her employment.

///

///

10

COMPLAINT FOR DAMAGES

89.    Defendants' termination of Plaintiff's employment was motivated by their bias against Plaintiff because of her race, her complaint of retaliation, and her request for legal working conditions.

90.    Defendants' actions were a substantial factor in causing Plaintiff's harm.

91.    As a direct and proximate result of Defendants' willful, knowing, and intentional actions against her, Plaintiff has suffered and will continue to suffer economic and non-economic damages in amounts to be proven at trial.

92.    As a direct and proximate result of Defendants' willful, knowing, and intentional actions against her, Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities, with such damages in amounts to be proven at trial.

93.    Plaintiff is informed and believes and based thereon alleges that the conduct of Defendants described above was done with malice, fraud and oppression and with conscious disregard for his rights and with the intent, design and purpose of injuring her. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from Defendants in a sum according to proof at trial.

SIXTH CAUSE OF ACTION

UNFAIR BUSINESS PRACTICES [Cal. Bus. & Prof. Code §17200]

(Against All Defendants)

94.    Plaintiff incorporates the previous paragraphs as if recited fully herein.

95.    Defendants' violations of Title VII, the California Labor Code, and public policy constitute unfair business practices and violate Unfair Competition Law ("UCL").

96.    The UCL prohibits any practices forbidden by law, be they civil or criminal, federal, state, or municipal, statutory, regulatory, or court made.

97.    Plaintiff has suffered injury in fact and was deprived of property as a result of Defendants' unfair business practices, and Defendants have reaped unfair benefits at Plaintiff's expense.

///

11
COMPLAINT FOR DAMAGES

98.    Plaintiff is entitled to remediation of injury she incurred as a result of Defendants.

99.    Defendants' unfair business practices entitle Plaintiff to seek preliminary and permanent injunctive relief, including but not limited to orders that Defendants comply with legal orders regarding anti-discrimination, anti-harassment and equal pay in the workplace.

## PRAYER

WHEREFORE Plaintiff Kim Qualls prays judgment against Defendants as follows:

1.    For economic damages, according to proof;

2.    For non-economic damages, according to proof;

3.    For punitive damages, according to proof;

4.    For injunctive relief, such that Defendants be compelled to provide training on anti-discrimination, anti-harassment, and anti-retaliation measures;

5.    For civil penalties, as allowable by statute;

6.    For attorneys' fees, as allowable by statute;

7.    For pre-judgment interest according to proof and as allowable by statute;

8.    For costs of suit incurred; and

9.    For such further relief as the Court deems proper.

Dated:  January 13, 2021                    LAW OFFICES OF ANGEL J. HORACEK, PC

Angel J. Horacek
Attorney for Plaintiff Kim Qualls

## DEMAND FOR JURY TRIAL

WHEREFORE Plaintiff Kim Qualls hereby demands a jury trial.

Dated: January 13, 2021                    LAW OFFICES OF ANGEL J. HORACEK, PC

Angel J. Horacek
Attorney for Plaintiff Kim Qualls

COMPLAINT FOR DAMAGES

# EXHIBIT "A"

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | **Kim Qualls**<br>c/o Angel J. Horacek, Esq.    (via email)<br>Law Offices of Angel J. Horacek<br>5701 W. Slauson Avenue, Suite 210<br>Culver City, CA  90230 | From: | **Chicago District Office**<br>230 S. Dearborn<br>**Suite 1866**<br>**Chicago, IL 60604** |
|---|---|---|---|

☐    *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **480-2020-01116** | **Daniel Lim,**<br>**State & Local Coordinator** | **(312) 872-9669** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge.  It has been issued at your request.  Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

[X]    More than 180 days have passed since the filing of this charge.

[ ]    Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]    The EEOC is terminating its processing of this charge.

[ ]    The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge.  In this regard, **the paragraph marked below applies to your case:**

[ ]    The EEOC is closing your case.  Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice.**  Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]    The EEOC is continuing its handling of your ADEA case.  However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.)  EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Julianne Bowman/jwa*                    **10/28/20**

Enclosures(s)

**Julianne Bowman,**
**District Director**                    *(Date Mailed)*

cc:

**COLOPOLAST CORP**
c/o Kristian Villumsen,    (via email)
**Chief Executive Officer**
**1601 West River Road North**
**Minneapolis, MN 55411**

EXHIBIT "A"

Electronically FILED by Superior Court of California, County of Los Angeles on 01/13/2021 03:48 PM Sherri R. Carter, Executive Officer/Clerk of Court, by C. Monroe,Deputy Clerk

**CM-010**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Angel J. Horacek (SBN 245680)<br>Law Offices of Angel J. Horacek, PC<br>5701 West Slauson Avenue, Suite 210 Culver City California 90230<br><br>TELEPHONE NO.: 310-774-0323   FAX NO. *(Optional):* 310-774-3945<br>ATTORNEY FOR *(Name):* Plaintiff Kim Qualls | **FOR COURT USE ONLY** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Central/Stanley Mosk

CASE NAME:
KIM QUALLS V. COLOPLAST CORP.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER:<br>21STCV01490 |
|---|---|---|
| ☑ **Unlimited** (Amount demanded exceeds $25,000) ☐ **Limited** (Amount demanded is $25,000) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation**
**(Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):* 6
5. This case ☐ is ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 13, 2021

Angel J. Horacek
(TYPE OR PRINT NAME)                                        ▶ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                    **CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In Item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

| SHORT TITLE: Qualls v. Coloplast Corp. | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

| This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court. |
|---|

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases -- unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death -- Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: | Qualls v. Coloplast Corp. | CASE NUMBER |
|---|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3<br>1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1, ②, 3<br>10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2, 5<br>2, 5<br>1, 2, 5<br>1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case<br>☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11<br>5, 11<br>5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 5<br>1, 2, 3, 5<br>1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6<br>2, 6<br>2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: | Qualls v. Coloplast Corp. | CASE NUMBER |
|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not<br>Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

| SHORT TITLE: | Qualls v. Coloplast Corp. | CASE NUMBER |
|---|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>☐ 1. ☑ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS:<br>1825 N Robles Avenue |
|---|---|

| CITY:<br>Pasadena | STATE:<br>CA | ZIP CODE:<br>91104 | |
|---|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the _____Central_____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: __January 13, 2021__

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet, Judicial Council form CM-010.

4.  Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5.  Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6.  A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California**
**County of Los Angeles**



**Los Angeles County**
**Bar Association**
**Litigation Section**

**Los Angeles County**
**Bar Association Labor and**
**Employment Law Section**



**Consumer Attorneys**
**Association of Los Angeles**



**Southern California**
**Defense Counsel**



**Association of**
**Business Trial Lawyers**

**California Employment**
**Lawyers Association**

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◈**Los Angeles County Bar Association Litigation Section**◇

◇ **Los Angeles County Bar Association**
**Labor and Employment Law Section**◈

◈**Consumer Attorneys Association of Los Angeles**◈

◈**Southern California Defense Counsel**◈

◇**Association of Business Trial Lawyers**◈

◇**California Employment Lawyers Association**◈

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:            FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES | |
|---|---|
| COURTHOUSE ADDRESS: | |
| PLAINTIFF: | |
| DEFENDANT: | |

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues
through limited paperwork and an informal conference with the Court to aid in the
resolution of the issues.

The parties agree that:

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless
   the moving party first makes a written request for an Informal Discovery Conference pursuant
   to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties
   and determine whether it can be resolved informally. Nothing set forth herein will preclude a
   party from making a record at the conclusion of an Informal Discovery Conference, either
   orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be
   presented, a party may request an Informal Discovery Conference pursuant to the following
   procedures:

   a. The party requesting the Informal Discovery Conference will:

      i.  File a Request for Informal Discovery Conference with the clerk's office on the
          approved form (copy attached) and deliver a courtesy, conformed copy to the
          assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service
           that ensures that the opposing party receives the Request for Informal Discovery
           Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i.  Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

LACIV 036 (new)
LASC Approved 04/11      **STIPULATION – DISCOVERY RESOLUTION**
For Optional Use                                                   Page 1 of 3

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

  iii. Be filed within two (2) court days of receipt of the Request; and

  iv. Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

 c. No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

 d. If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

 e. If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4. If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5. The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6. Nothing herein will preclude any party from applying ex parte for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7. Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE | CASE NUMBER |
|---|---|
|  |  |

## The following parties stipulate:

Date:

➤ _____
(TYPE OR PRINT NAME)    (ATTORNEY FOR PLAINTIFF)

Date:

➤ _____
(TYPE OR PRINT NAME)    (ATTORNEY FOR DEFENDANT)

Date:

➤ _____
(TYPE OR PRINT NAME)    (ATTORNEY FOR DEFENDANT)

Date:

➤ _____
(TYPE OR PRINT NAME)    (ATTORNEY FOR DEFENDANT)

Date:

➤ _____
(TYPE OR PRINT NAME)    (ATTORNEY FOR _____ )

Date:

➤ _____
(TYPE OR PRINT NAME)    (ATTORNEY FOR _____ )

Date:

➤ _____
(TYPE OR PRINT NAME)    (ATTORNEY FOR _____ )

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                 FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES | |
|---|---|
| COURTHOUSE ADDRESS: | |
| PLAINTIFF: | |
| DEFENDANT: | |

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

The parties agree that:

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at www.lacourt.org under "Civil" and then under "General Information").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ (INSERT DATE) for the complaint, and _____ (INSERT DATE) for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at www.lacourt.org under "Civil", click on "General Information", then click on "Voluntary Efficient Litigation Stipulations".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➢  _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR PLAINTIFF)
Date:
                                        ➢  _____
_____              (ATTORNEY FOR DEFENDANT)
(TYPE OR PRINT NAME)
Date:
                                        ➢  _____
_____              (ATTORNEY FOR DEFENDANT)
(TYPE OR PRINT NAME)
Date:
                                        ➢  _____
_____              (ATTORNEY FOR DEFENDANT)
(TYPE OR PRINT NAME)
Date:
                                        ➢  (ATTORNEY FOR _____)
_____
(TYPE OR PRINT NAME)
Date:
                                        ➢  (ATTORNEY FOR _____)
_____
(TYPE OR PRINT NAME)
                                        ➢  (ATTORNEY FOR _____)
_____
(TYPE OR PRINT NAME)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:          FAX NO (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT.

| INFORMAL DISCOVERY CONFERENCE (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER |
|---|---|

1. This document relates to:

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request)

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                   FAX NO (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER |
|---|---|

This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.

The parties agree that:

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE | CASE NUMBER |
|---|---|
|  |  |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date: _____

_____
JUDICIAL OFFICER



## Superior Court of California, County of Los Angeles

### ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration and settlement conferences. When ADR is done by phone or computer, it may be called Online Dispute Resolution (ODR). These "alternatives" to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees and witness fees.
- **Keeps Control with the parties:** Parties choose their ADR process and provider for voluntary ADR.
- **Reduces stress/protects privacy:**  ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR:

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral "mediator" listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.
   
   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

---

**How to arrange mediation in Los Angeles County**

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

**a. The Civil Mediation Vendor Resource List**

Parties may contact these organizations to request a "Resource List Mediation" for reduced-cost or free (for selected cases) mediation in person or with ODR (by phone or online).

- JAMS, Inc.: Case Manager (213) 253-9776  mdawson@jamsadr.com
- Mediation Center of Los Angeles: Case Manager (833) 476-9145  info@mediationLA.org

These organizations cannot accept every case and they may decline cases at their discretion.
Visit www.lacourt.org/ADR.Res.List for important information and FAQs before contacting them.
NOTE: This service is not available for family law, probate or small claims.

**b. Los Angeles County Dispute Resolution Programs**
https://wdacs.lacounty.gov/programs/drp/
- Free, day- of- trial mediations at the courthouse for small claims, unlawful detainers (evictions) and, at the Stanley Mosk Courthouse, limited civil. No appointment needed.
- Free or low-cost mediations before the day of trial for these and other case types.
- For ODR by phone or computer for small claims or unlawful detainer (eviction) cases before the day of trial, visit:
  http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-EngSpan.pdf

**c.** Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

---

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit  http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):**  MSCs are ordered by the Court and are often held close to the trial date. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit: www.lacourt.org/division/civil/settlement

Los Angeles Superior Court ADR website:  www.lacourt.org/division/civil/settlement
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

**MAY 03 2019**

Sherri R. Carter, Executive Officer/Clerk

By _____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )      FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING       )
FOR CIVIL                            )
                                     )
                                     )
                                     )

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

   a) **"Bookmark"**  A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"**  The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"**  A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"**  Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

e) **"Electronic Filing Service Provider"**  An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**  For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**  An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**  A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

a) The following documents shall not be filed electronically:

    i)   Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

    ii)   Bonds/Undertaking documents;

    iii)   Trial and Evidentiary Hearing Exhibits

    iv)   Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

    v)   Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

   a) Electronic documents must be electronically filed in PDF, text searchable format when technologically feasible without impairment of the document's image.

   b) The table of contents for any filing must be bookmarked.

   c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

   d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

      i) Depositions;

      ii) Declarations;

      iii) Exhibits (including exhibits to declarations);

      iv) Transcripts (including excerpts within transcripts);

      v) Points and Authorities;

      vi) Citations; and

      vii) Supporting Briefs.

   e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

   f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

   g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

4

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted. (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of: (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

   i) Any printed document required pursuant to a Standing or General Order;

   ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

   iii) Pleadings and motions that include points and authorities;

   iv) Demurrers;

   v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

   vi) Motions for Summary Judgment/Adjudication; and

   vii) Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

2019-GEN-014-00

1    11) SIGNATURES ON ELECTRONIC FILING

2        For purposes of this General Order, all electronic filings must be in compliance with California

3        Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil

4        Division of the Los Angeles County Superior Court.

5

6            This First Amended General Order supersedes any previous order related to electronic filing,

7    and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8    Supervising Judge and/or Presiding Judge.

9

10   DATED: May 3, 2019                                      KEVIN C. BRAZILE

11                                                                              Presiding Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL